UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MACK, | No. 2:16-cv-1300 KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DAVID BAUGHMAN, | |
| Respondent. | |

By an order filed June 21, 2016, petitioner was ordered to file an in forma pauperis affidavit or to pay the appropriate filing fee, within thirty days, or his application would be dismissed. The thirty day period has now expired, and petitioner has not filed an in forma pauperis affidavit, and has not paid the appropriate filing fee. However, on July 7, 2016, petitioner filed a motion for change of venue. (ECF No. 4.) In his motion, petitioner asks the court to transfer this action to the Central District of California because the allegedly unconstitutional actions took place at Lancaster State Prison in Los Angeles County.

A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Preiser v. Rodriguez, 411 U.S. 475, 488-89 (1973).

1

Here, the instant petition does not challenge the fact or duration of petitioner's confinement in state prison. Rather, petitioner challenges a policy he contends is unconstitutional, or has been applied in a discriminatory fashion. (ECF No. 1.) Thus, petitioner's claims are more appropriately brought in a civil rights complaint filed under 42 U.S.C. § 1983

The court has discretion to construe petitioner's claims as a complaint under 42 U.S.C. § 1983. See Willwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). However, provisions of the Prison Litigation Reform Act of 1995 ("PLRA") may make it inappropriate to construe a habeas petition as a civil rights complaint. Due to the PLRA's filing fee requirements, its provisions requiring *sua sponte* review of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis,[1] a prisoner should not be obligated to proceed with a civil rights action unless the prisoner clearly wishes to do so. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e; Bunn v. Conley, 309 F.3d 1002, 1007 (7th Cir. 2002) (stating that courts should not recharacterize nature of prisoner's claim because PLRA and AEDPA created "pitfalls of different kinds for prisoners using the wrong vehicle").

Accordingly, it is recommended that this action be dismissed without prejudice instead of converting the case into a 42 U.S.C. § 1983 action, or allowing petitioner to file a civil rights complaint in this action.

////

---

[1] Petitioner has filed the following civil rights action in the Eastern District of California:
Mack v. Harrison, 2:90-cv-0497 EDP JFM
Mack v. Kaufman, 2:90-cv-0728 REC GGH
Mack v. Braumbaugh, 2:91-cv-0083 REC JFM
Mack v. Witcher, 2:04-cv-5787 REC WMW
Mack v. Ono, 2:05-cv-2134 MCE CMK
Mack v. Unknown, 2:08-cv-3161 EFB
Mack v. Hubbard, 1:09-cv-2078 AWI GSA
Mack v. Frazier, 1:10-cv-0052 LJO MJS
Mack v. Hubbard, 1:11-cv-0606 SAB

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case; and

2. Petitioner's request for a change of venue (ECF No. 4) is denied;

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 16, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mack1300.fpf.hab