UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 16-6912-DDP (KS)     Date: February 1, 2017

Title  *Anthony E. Mack v. David Baughman*

Present: The Honorable:  Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW OF CAUSE RE: DISMISSAL**

On June 13, 2016, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") in the Eastern District of California ("Eastern District"). (Dkt. No. 1.) On September 13, 2016, the Eastern District transferred the Petition to this Court. (Dkt. No. 10.) On October 5, 2016, the Court ordered Petitioner to file a First Amended Petition in which he identifies the date, location, and nature of his conviction and the length of his sentence and provides a short plain statement of each ground for habeas relief. (Dkt. No. 13.) On January 9, 2017, after several extensions of time, Petitioner filed the First Amended Petition (the "FAP").[1] (Dkt. No. 22.)

According to the FAP, Petitioner challenges his convictions on July 5, 1984, March 8, 1985, and October 21, 1994, as well as a sentence changed or imposed on February 13, 2002. (FAP at 2.) Petitioner states that he appealed his latest conviction, but the case number that Petitioner provides for his appeal – C079359 – is the case number for a habeas petition that he filed in the California Court of Appeal for the Third Appellate District on June 1, 2015 and that the California Court of Appeal denied without comment or citation to authority on June 4, 2015. (*Compare* FAP at 2 *with* Docket (Register of Actions), *In re Anthony Edward Mack on Habeas Corpus*, No. C079359 (Jun. 4, 2015), *available at* http://appellatecases.courtinfo.ca.gov.)[2]

---

[1] Despite the Court's order to provide a short plain statement of each ground for habeas relief, the nature of Petitioner's claim(s) for habeas relief remains unclear. Accordingly, Petitioner is warned that the FAP may not provide "fair notice" of Petitioner's claims and the grounds upon which they rest, much less satisfy the more demanding standard of Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"). *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).

[2] Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 16-6912-DDP (KS)                                                Date: February 1, 2017

Title  *Anthony E. Mack v. David Baughman*

Petitioner states that he filed a Petition for Review of the California Court of Appeal's denial of his June 2015 habeas petition, but he does not provide a case number. This Court's independent review of the California state courts' website indicates that Petitioner did not initiate any case in the California Supreme Court following the California Court of Appeal's denial of his June 2015 habeas petition.

As the Court previously warned Petitioner, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Here, based on the foregoing allegations as well as the Court's review of the California state courts' website, it appears that the action is untimely and must be dismissed with prejudice pursuant to Habeas Rule 4.

### I.     The Statute of Limitations

The Antiterrorism Effective Death Penalty Act of 1986 ("AEDPA") imposes a one year statute of limitations on claims challenging state court convictions or sentences. 28 U.S.C. § 2244(d)(1). For pre-AEDPA convictions, the one year statute of limitations begins to run from the April 1996 implementation of AEDPA. *Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001). In the present case, Petitioner was required to file his federal habeas petition within one year from the latest of:

> (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
> (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or

---

408, 418 (2005); *Williams v. Jacquez*, No. CV 09-2703 DSF (DTB). 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 16-6912-DDP (KS)                                              Date: February 1, 2017

Title   *Anthony E. Mack v. David Baughman*

(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Here, Petitioner indicates that the latest date of his relevant conviction and/or sentencing was February 13, 2002. (FAP at 2.) Petitioner identifies no direct appeals of the relevant conviction and/or sentencing change, which suggests that the conviction or sentence at issue became final in 2002. *See* Cal. Rules of Court 8.104(a)(1). Petitioner also proposes no alternative commencement date for the statute of limitations under 28 U.S.C. § 2244(d)(1). Absent an alternative commencement date, the statute of limitations commenced running in 2002 and, absent tolling, it expired one year later in 2003 – approximately 13 years before Petitioner filed the Petition on June 13, 2016. *See Patterson*, 251 F.3d at 1246.

**II.   Petitioner Did Not File Any State Habeas Petitions Until After the Statute of Limitations Expired.**

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003). However, Petitioner does not allege that he filed any state habeas petitions challenging the conviction and/or sentence at issue except his June 2015 petition, which the California Court of Appeal denied without comment or citation to authority on June 4, 2015. (*Compare* FAP at 2 *with* Docket (Register of Actions), *In re Anthony Edward Mack on Habeas Corpus*, No. C079359 (Jun. 4, 2015), *available at* http://appellatecases.courtinfo.ca.gov.)

When a petitioner waits to initiate his state habeas proceedings until after the federal statute of limitations has lapsed, statutory tolling is not available. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Accordingly, given Petitioner's allegations that he is challenging a conviction and/or sentence that became final in 2002, and Petitioner waited until 2015 – 12 years after the statute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 16-6912-DDP (KS)                                                                                   Date: February 1, 2017

Title    *Anthony E. Mack v. David Baughman*

of limitations expired – to file a state habeas petition, it does not appear that Petitioner is entitled to statutory tolling.

### III.     Petitioner Does Not Allege That Any Extraordinary Circumstance Prevented Him From Timely Filing The Petition.

The one-year limitations period established by Section 2244(d)(1) may be equitably tolled in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey*, 556 F.3d at 1011 (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Specifically, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 645.

Petitioner has neither alleged that an extraordinary circumstance prevented him from timely filing the Petition nor that he pursued his rights diligently in the face of that obstacle. Accordingly, it does not appear that equitable tolling is available to render the Petition timely.

### IV.     Conclusion And Order To Show Cause

In sum, it appears that Petitioner filed the Petition approximately 13 years after the AEDPA statute of limitations expired and he: (1) has not argued, let alone demonstrated, that he is entitled to an alternative commencement date; (2) is not entitled to statutory or gap tolling for state habeas petitions that he filed after the federal statute of limitations lapsed; and (3) has not alleged any extraordinary circumstances that prevented him from timely filing this action. Accordingly, **Petitioner is ORDERED TO SHOW CAUSE on or before February 22, 2017 why the Petition should not be dismissed with prejudice as untimely.** To discharge this Order, Petitioner must file, no later than February 22, 2017, a Response to this Order, signed under penalty of perjury, that presents clear and specific factual allegations demonstrating that either the Petition is timely under 28 U.S.C. § 2244(d)(1) or that Petitioner has been diligently pursuing his rights but an extraordinary circumstance prevented timely filing of the Petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 16-6912-DDP (KS)                                              Date: February 1, 2017

Title    *Anthony E. Mack v. David Baughman*

     If Petitioner no longer wishes to pursue this action, he may file, in lieu of a Response to this Order, a signed document entitled "Notice Of Voluntary Dismissal" dismissing the action without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(1).

     Petitioner's failure to timely comply with this Order and show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules and/or Local Rule 41-1 and Rule 41(b) of the Federal Rules of Civil Procedure.

     **IT IS SO ORDERED**.

                                                                 :
**Initials of Preparer**    rhw