# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MACK,<br><br>　　　　Petitioner,<br><br>　v.<br><br>DAVID BAUGHMAN, Warden,<br><br>　　　　Respondent. | NO. CV 16-6912-DDP (KS)<br><br>**ORDER: DISMISSING PETITION WITH PREJUDICE** |

## INTRODUCTION

On June 13, 2016, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") in the Eastern District of California ("Eastern District"). (Dkt. No. 1.) On September 13, 2016, the Eastern District transferred the Petition to this Court. (Dkt. No. 10.) On October 5, 2016, the Court ordered Petitioner to file a First Amended Petition in which he identifies the date, location, and nature of his conviction and the length of his sentence and provides a short plain statement of each ground for habeas relief. (Dkt. No. 13.) On January 9, 2017, after several extensions of time, Petitioner filed the First Amended Petition (the "FAP"). (Dkt. No. 22.) On February 1, 2017, the Court ordered Petitioner to show cause why the action should not

be dismissed as untimely. (Dkt. No. 26.) On February 27, 2017, Petitioner filed his Response to the Court's February 1, 2017 Order to Show Cause ("OSC Response"). (Dkt. No. 27.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. For the reasons set forth below, the action must be, and is, DISMISSED as untimely, pursuant to 28 U.S.C. § 2244(d) and Rule 4.

## BACKGROUND

According to the FAP, Petitioner challenges his July 5, 1984, March 8, 1985, and October 21, 1994 convictions as well as a February 13, 2002 sentencing decision. (FAP at 2.) Petitioner states that he is serving a sentence of "eight years, plus two life sentences." (*Id.*)

Petitioner states that he appealed his October 21, 1994 conviction in case number C079359, which correlates with the case number for a habeas petition Petitioner filed in the California Court of Appeal on June 1, 2015. (*Compare* FAP at 2 *with* Docket (Register of Actions), *In re Anthony Edward Mack on Habeas Corpus*, No. C079359 (Jun. 4, 2015), *available at* http://appellatecases.courtinfo.ca.gov.)[1] Petitioner also states that, in April 2016, he filed a Petition for Review in the California Supreme Court. (FAP at 3.) However, this Court's independent review of the California state courts' website indicates that

---

[1] Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 09-2703 DSF (DTB). 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

2

Petitioner did not initiate any case in the California Supreme Court following the California Court of Appeal's denial of his June 2015 habeas petition.  Neither the FAP nor the OSC Response identifies any other relevant state proceedings on either direct or collateral review.  On June 13, 2016, Petitioner filed the instant Petition.

Petitioner characterizes his claims for federal habeas relief as follows:  (1) a Fourth Amendment claim based on Petitioner's continued incarceration and a California Department of Corrections and Rehabilitation Legal Processing Unit "shadow policy"; (2) a Double Jeopardy claim; (3) a claim under the Fifth and Sixth Amendments concerning Petitioner's right to be present with court appointed counsel at any court hearings concerning his sentence; (4) an Equal Protection and Due Process claim concerning "invidious race-based discriminatory practices" and "arbitrary unlawful ministerial practices;" and (5) an Eighth Amendment cruel and unusual punishment claim.  (FAP at 5-6.)

## DISCUSSION

### I. The Statute Of Limitations

This action is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  *Carey v. Saffold*, 536 U.S. 214, 226 (2002).  Where, as here, the petitioner's most recent conviction was finalized before AEDPA's enactment, the one-year statute of limitations began to run on April 24, 1996, the date AEDPA was signed into law.  *Id.* at 217; *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1010 (9th Cir. 2009).

The one-year limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

## II. The Commencement Date

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

However, as stated above, if the petitioner's conviction became final before AEDPA's enactment date, a "grace period" applies and the statute of limitations did not begin to run until April 24, 1996. *Wood v. Milyard*, 556 U.S. 463, ___, 132 S. Ct. 1826, 1831 (2012);

*Patterson*, 251 F.3d at 1246. Petitioner identifies October 21, 1994 as the date of his most recent conviction (FAP at 2), a date that predates AEDPA's enactment by several years. In the OSC Response, Petitioner suggests that he is entitled to an alternative commencement date because "the underlying events were not discovered until decades later." (OSC Response at 3.) However, Petitioner does not identify a date on which he learned of "the factual predicate underlying a claim." Petitioner's vague and conclusory invocation of 28 U.S.C. § 2244(d)(1)(D) does not satisfy his burden of proving that he is entitled to an alternative commencement date for his claims challenging the constitutionality of his conviction. *See Oglesby v. Soto*, No. CV 14-8836-ODW (JEM), 2015 WL 4399488, at *5 (Jul. 17, 2015) ("vague and conclusory allegations . . . are insufficient to delay commencement of the statute of limitations"); *Towery v. Harrington*, No. CV 10-5577 JHN (JC), 2011 WL 7025296, at *6 (Sep. 1, 2011) (same). Thus, the statute of limitations for Petitioner's challenges to his conviction commenced running on April 24, 1996 and, absent tolling, elapsed one year later on April 24, 1997. *See Wood*, 132 S. Ct. at 1831. Petitioner filed his federal petition on June 13, 2016, nearly two decades after April 24, 1997. Accordingly, absent sufficient tolling, Petitioner's claims challenging his conviction are untimely.

Petitioner also suggests that he is challenging a February 13, 2002 sentencing decision. (FAP at 2.) Neither the FAP nor the Court's independent review of the state courts' website indicates that Petitioner filed a case in the California Court of Appeal or California Supreme Court within a year of the February 13, 2002 sentencing decision. Accordingly, the sentencing decision became final no later than April 14, 2002. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006); Cal. Rules of Court, Rule 8.308(a). The statute of limitations commenced running on April 15, 2002 and, absent tolling, elapsed one year later on April 14, 2003. Thus, absent sufficient tolling, Petitioner's challenge to the 2002 sentencing decision is also untimely.

5

### III. Petitioner Is Not Entitled To Statutory Tolling.

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also Saffold*, 536 U.S. at 218-27 (holding that, for purposes of California's "original" habeas petition system, "pending" covers the time between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court"). However, when a petitioner waits to initiate his state habeas proceedings until after the federal statute of limitations has lapsed, statutory tolling is not available. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Neither the FAP nor the OSC Response specifically identifies a single state habeas petition. (*See generally* FAP at 2-3.) However, the Court's independent review of the state courts' website reflects that Petitioner, or an individual with the same name, filed the following habeas petitions in the California Court of Appeal and California Supreme Court during the relevant time period.

| Month Filed | Date Denied | Court | Citation |
|---|---|---|---|
| June 1996 | July 11, 1996 | Second Appellate District of the California Court of Appeal | Docket (Register of Actions), *Mack*, No. B102529 (Jul. 11, 1996) |

6

| October 2005 | October 25, 2005 | Second Appellate District of the California Court of Appeal | Docket (Register of Actions), *Mack v. The People et al.*, No. B186542 (Oct. 25, 2005) |
| January 2015 | January 15, 2015 | Third Appellate District of the California Court of Appeal | Docket (Register of Actions), *In re Anthony Mack on Habeas Corpus*, No. C078166 (Jan. 15, 2015) |
| March 2015 | June 2, 2015 | First Appellate District of the California Court of Appeal | Docket (Register of Actions), *The People v. Mack*, No. A144439 (Jun. 2, 2015)[2] |
| June 2015 | June 4, 2015 | Third Appellate District of the California Court of Appeal | Docket (Register of Actions), *In re Anthony Edward Mack on Habeas Corpus*, No. C079359 (Jun. 4, 2015) |

The Court assumes all facts in Petitioner's favor. However, with respect to Petitioner's claims challenging his October 21, 1994 conviction, the state courts' website shows only one state habeas petition filed in either the California Court of Appeal or the California Supreme Court prior to the expiration of Petitioner's statute of limitations: *Mack*, No. B102529 (Jul. 11, 1996). That petition, assuming it was properly filed by Petitioner, was pending for just over a month. Accordingly, it cannot provide the nearly two decades worth of statutory tolling necessary to render Petitioner's claims challenging his conviction timely. Therefore, absent sufficient equitable tolling, those claims are time-barred.

With respect to Petitioner's challenge to his sentence, the state courts website reveals no habeas petitions filed in either the California Court of Appeal or the California Supreme Court for more than three years after the February 13, 2002 sentencing decision. *See* Docket (Register of Actions), *Mack v. The People et al.*, No. B186542 (Oct. 25, 2005). As stated above, Petitioner cannot restart the limitations period for his sentencing claims by

---

[2] This was not a petition for writ of habeas corpus but an appeal of a denial of a petition for writ of habeas corpus.

7

commencing state habeas proceedings after the limitations period has ended. *See Ferguson*, 321 F.3d at 823; *see also Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) (finding that the petition was facially untimely, because the petitioner did not file his state petition until after the limitations period expired). Accordingly, Petitioner has failed to establish that he is entitled to statutory tolling for his sentencing claims and, absent sufficient tolling, these claims are also time-barred.

**IV.  Petitioner Is Not Entitled To Equitable Tolling.**

The one-year limitations period established by Section 2244(d)(1) may also be equitably tolled in appropriate circumstances. *Holland*, 560 U.S. at 645-49. However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey*, 556 F.3d at 1011 (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Specifically, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 645.

Petitioner states in his OSC Response that "Acts taken to prevent legal redress which is why the underlying events were not discovered until decades later and gave rise to <u>extraordinary circumstances</u>." (OSC Response at 3) (errors and emphasis in original). Petitioner's vague and conclusory assertion of "acts taken to prevent legal redress" is insufficient to establish that Petitioner is entitled to equitable tolling. *See Lawless v. Evans*, 545 F. Supp. 2d 1044, 1048 (C.D. Cal. 2008) (conclusory assertions do not satisfy the petitioner's burden to demonstrate that he is entitled to equitable tolling) (citing *Roberts v.*

*Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003); *Trenkler v. United States*, 268 F.3d 16, 25 (1st Cir. 2001); *Finn v. Thompson*, 497 F. Supp. 2d 110, 114–15 (D. Mass. 2007)). Accordingly, Petitioner has failed to carry his burden of showing that the Petition is entitled to equitable tolling, and the Petition is time-barred.

## CONCLUSION

For the foregoing reasons, it plainly appears from the Petition that Petitioner is not entitled to relief because the Petition is untimely. IT IS THEREFORE ORDERED that the Petition is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: April 11, 2017

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

Presented by:

Karen L. Stevenson
United States Magistrate Judge